IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PATRICK L. SHERMAN                                                                PETITIONER

v.                          NO. 4:24-cv-00343-LPR-PSH

DEXTER PAYNE                                                                      RESPONDENT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

In this case, filed pursuant to 28 U.S.C. 2254, petitioner Patrick L. Sherman ("Sherman") challenges the calculation of his sentence by officials with the Arkansas Division of Correction ("ADC"). He maintains that taking into account the statutory good time credits he has earned but not yet received, he completed his sentence in March of 2015 and should be immediately released from custody. It is recommended that this case be dismissed without prejudice. Sherman has available state remedies that he failed to exhaust, and he must exhaust those remedies before proceeding to federal court.

In April of 1995, Sherman was fleeing from police when he injured several people. An Arkansas state trial court jury convicted Sherman in July of that year of several criminal offenses arising from the incident and sentenced him to a total of forty years' imprisonment. His convictions were affirmed by the Arkansas Supreme Court. See Sherman v. State, 326 Ark. 153, 931 S.W.2d 417 (1996).

In 2021, Sherman "discovered" Ark. Code Ann. 12-29-204. See Docket Entry 3 at CM/ECF 2. The statute, captioned "statutory good time," provided the following in 2021 and continues to provide the following now:

> No inmate sentenced to the Department of Correction shall ever receive a reduction under this subchapter, or this subchapter and another subchapter jointly, of more than thirty (30) days for each month served except for the additional days of meritorious good time awards authorized in 12-29-202(d).

Sherman understood the statute to "allow a prisoner to complete his sentence in half the time (i.e., a twenty (20) year sentence is complete in ten (10) years ...) if one is eligible to receive statutory good time." See Docket Entry 3 at CM/ECF 2.

Sherman brought Ark. Code Ann. 12-29-204 to the attention of ADC officials, but they were allegedly unaware of the statute or its meaning. He attributed their lack of awareness of the statute to its "vagueness and lack of historical notes or notes of decisions interpreting the statute." See Docket Entry 3 at CM/ECF 2.

In March of 2024, Sherman filed an administrative grievance about the computation of his sentence. See Docket Entry 3 at CM/ECF 13-17 (GR-24-00301). He maintained in the grievance that he is entitled to statutory good time credits, specifically alleging the following:

> I want to know why I am not receiving statutory good time to the reduction of my maximum sentence in compliance with Arkansas Code Annotated section 12-29-204. As of now, I am doing day for day in spite of having obtained my Class III and Class II and as if I were Class IV. ...

See Docket Entry 3 at CM/ECF 13 (Exhibit E-1). The grievance was denied because Sherman is past his transfer eligibility date.[1] He appealed the denial of his grievance. As a part of the appeal, he clarified that he was not challenging the awarding of meritorious good time credits, which are governed by Ark. Code Ann. 12-29-201 and impact the date on which a prisoner is eligible for transfer from ADC custody to the less restrictive placement or supervision of the Arkansas Division of Community Correction. Sherman was instead challenging the awarding of statutory good time credits, which are governed by Ark. Code Ann. 12-29-204. He again maintained that he is entitled to statutory good time credits, the awarding of which he believed would reduce the actual length of his sentence and bring about his immediate release from custody. Despite the clarification, the denial of the grievance was affirmed on appeal, again because he is past his transfer eligibility date.[2]

---

[1] A prisoner's transfer eligibility date is the "earliest date he becomes eligible for transfer from the ADC to less restrictive placement or supervision by the [Arkansas Division] of Community Correction, which may include parole." See Robinson v. Kelley, No. 5:16-cv-00167-SWW-JTR, 2017 WL 3404973, 1 (E.D. Ark. July 6, 2017), report and recommendation adopted, No. 5:16-cv-00167-SWW, 2017 WL 3401274 (E.D. Ark. Aug. 8, 2017).

[2] Sherman represents that he filed a second grievance, GR-24-00421, in which he again challenged ADC officials' failure to award him statutory good time credits. See Docket Entry 3 at CM/ECF 4. He represents that the second grievance was denied because the challenge had been rejected in the first grievance.

Sherman began this case in April of 2024 by filing the petition at bar and an accompanying brief. In the submissions, he challenged the calculation of his sentence. He maintained that subtracting his accrued statutory good time credits from his forty year sentence, he completed his sentence in March of 2015 and should have been released from custody at that time. Sherman alleged that his continued detention violates his substantive and procedural due process rights and the Eighth Amendment to the United States Constitution.

Respondent Dexter Payne ("Payne") filed a response to the petition and asked that the petition be dismissed. It was Payne's assertion that meritorious good time credits would only reduce Sherman's transfer eligibility date; they would not reduce the length of his sentence. Alternatively, Payne maintained that the current version of Ark. Code Ann. 12-29-204 was not the version of the statute in effect when Sherman committed, and was sentenced for, the criminal offenses. The version of the statute in effect in 1995 instead provided the following:

> Those inmates sentenced to the Department of Correction prior to April 2, 1971, shall be entitled to "statutory good time" as provided in Acts 1968 (1st Ex. Sess.), No. 50, 14 [repealed], provided that no inmate shall ever receive a reduction under this subchapter, or this subchapter and another subchapter jointly, of more than thirty (30) days for each month served.

5

<u>See</u> Docket Entry 3 at CM/ECF 12 (Exhibit D)(emphasis added). It was Payne's position that the 1995 version of the statute only applies to inmates sentenced before April of 1971, and Sherman was sentenced well after April of 1971.

Sherman filed a reply and several notices in opposition to Payne's contentions. As a part of Sherman's reply and notices, he clarified that he is not challenging the awarding of meritorious good time credits. He is instead challenging the awarding of statutory good time credits.

The undersigned reviewed the parties' submissions and observed that Payne devoted much of his response to explaining why the awarding of meritorious good time credits would only reduce Sherman's transfer eligibility date, not the length of his sentence. That portion of Payne's response, though, was not responsive to Sherman's challenge, a challenge to the awarding of statutory good time credits. Because it was not clear if, and/or how, meritorious good time credits differ from statutory good time credits, and because it appeared that Sherman has an available state remedy for challenging the calculation of his sentence, the undersigned raised the exhaustion question <u>sua sponte</u>. The undersigned asked Sherman to file a short brief in which he explained why this case should not be

dismissed without prejudice for his failure to exhaust his state remedies as to his entitlement to statutory good time credits.

The deadline for Sherman to file a brief in which he addressed the exhaustion question—August 16, 2024—has now passed. He filed nothing in which he addressed that question.

The exhaustion of state remedies is an express requirement of federal habeas corpus relief under 28 U.S.C. 2254(b).[3] The parameters of the requirement are as follows:

> Before a state prisoner can seek federal habeas relief, he ordinarily must "exhaust the remedies available in the courts of the State." 28 U.S.C. 2254(b)(1)(A), thereby affording those courts "the first opportunity to review [a federal constitutional] claim and provide any necessary relief" for alleged violations of a prisoner's federal constitutional rights. (Citation omitted). State remedies are not exhausted if a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. 2254(c). State prisoners must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." (Citation omitted). ...

See May v. Musselwhite, No. 4:22-cv-00653-JM-JTK, 2022 WL 3369192, 2 (E.D. Ark. July 26, 2022), report and recommendation adopted, No. 4:22-

---

[3] Failure to exhaust may be raised sua sponte. See McCartney v. Vitek, 902 F.2d 616 (8th Cir. 1979). It is raised here in deference to the statutory requirement and out of respect for state-federal comity. See Davis v. Campbell, 608 F.2d 317 (8th Cir. 1979).

cv-00653-JM, 2022 WL 3353414 (E.D. Ark. Aug. 11, 2022) (emphasis in original).

There are, though, exceptions to the exhaustion requirement. The exceptions include when there is "an absence of available State corrective process," or when "circumstances exist that render such process ineffective to protect the rights of the applicant." See Cincoski v. Hobbs, 2011 WL 3861179, 5 n.4 (citing 28 U.S.C. 2254(b)(1)(B)(i),(ii)). See also Lueth v. Beach, 498 F.3d 795 (8th Cir. 2007) (exhaustion requirement may be excused if exhaustion futile).

The State of Arkansas has remedies whereby a prisoner may challenge the computation of his sentence. See Engram v. Norris, No. 5:07-cv-00187-SWW, 2009 WL 2151758 (E.D. Ark. July 17, 2009). The remedies include the filing of petitions for declaratory judgment and mandamus in state court. See Winnett v. Payne, No. 4:24-cv-00410-JM-PSH, 2024 WL 3558816 (E.D. Ark. July 10, 2024), report and recommendation adopted, No. 4:24-cv-00410-JM, 2024 WL 3553859 (E.D. Ark. July 25, 2024). "Arkansas prisoners have utilized these statutes to seek judicial review of the ADC's alleged miscalculation of a sentence, projected release date, or parole eligibility date." See Engram v. Norris, 2009 WL 2151758, 3 (citing Boles v.

Huckabee, 340 Ark. 410, 12 S.W.3d 201 (2000); Kelley v. Washington, 311 Ark. 73, 843 S.W.2d 797 (1992)).

The undersigned knows of no reason why Sherman cannot raise the claim at bar in petitions for declaratory judgment and mandamus and, if the claim is found to be meritorious, why relief cannot be granted by the state courts of Arkansas. His claim involves the correct calculation of his sentence, specifically, if and to what extent he is entitled to statutory good time credits. In fact, the undersigned is convinced that he must utilize the procedure in order to exhaust his remedies. The State of Arkansas has the primary interest in seeing that the calculation of a prisoner's sentence is correct, and the State of Arkansas should be accorded the first opportunity to review the proper calculation of the sentence in this instance.

The undersigned recognizes that sua sponte forays into the exhaustion question are not encouraged. Like the concurring judge in King v. Kemna, 266 F.3d 816, 826 (8th Cir. 2001), though, "federal courts may seek a path of less resistance when necessary to avoid blundering into under-developed regions of state jurisprudence." The statute at issue here, Ark. Code Ann. 12-29-204, is likely such a region, as Sherman correctly notes that there is a "lack of historical notes or notes of decisions interpreting the statute." See Docket Entry 3 at CM/ECF 2. It is therefore

imperative that the State of Arkansas be given the first opportunity to review the proper application of the statute to his sentence.

Given the foregoing, the undersigned recommends that this case be dismissed without prejudice. All requested relief should be denied, and the Clerk of the Court should be directed to close the case.

DATED this 22nd day of August, 2024.

_____
UNITED STATES MAGISTRATE JUDGE